11-2923-ag
Li v. Holder

BIA
Nelson, IJ
A089 253 378

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6ᵗʰ day of April, two thousand twelve.

PRESENT:
            JON O. NEWMAN,
            JOSEPH M. McLAUGHLIN,
            RAYMOND J. LOHIER, JR.,
                  Circuit Judges.
_____

ZONGYOU LI,
            *Petitioner*,

            v.                                    11-2923-ag
                                                  NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
            *Respondent.*
_____


FOR PETITIONER:        Charles Christophe, New York, New
                       York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Linda S. Wernery, Assistant
                       Director; Theodore C. Hirt,
                       Attorney, Office of Immigration
                       Litigation, United States Department
                       of Justice, Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Zongyou Li, a native and citizen of the People's Republic of China, seeks review of a June 30, 2011, decision of the BIA affirming the July 16, 2009, decision of Immigration Judge ("IJ") Barbara A. Nelson, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zongyou Li*, No. A089 253 378 (B.I.A. June 30, 2011), *aff'g* No. A089 253 378 (Immig. Ct. N.Y. City July 16, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed both the IJ's and BIA's decisions "for the sake of completeness." *See Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

I.  Adverse Credibility

For asylum applications, such as Li's, governed by the

2

REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances, . . . base a credibility determination on . . . the inherent plausibility of the applicant's or witness's account . . . [and] the internal consistency of each such statement . . . without regard to whether an inconsistency . . . goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin*, 534 F.3d at 165-66. We "defer therefore to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. In making a finding that an applicant's claim is inherently implausible, the agency is not required to "explain in precise detail what made each identified act implausible." *See Wensheng Yan v. Mukasey*, 509 F.3d 63, 67 (2d Cir. 2007). Rather, if "the reasons for [the IJ's] incredulity are evident," the implausibility finding is supported by substantial evidence. *See id.*

The agency's adverse credibility determination was reasonably based on the implausibility of Li's testimony that he could not support his family because he lost his job and his wife was demoted, while he was able to pay for

3

travel to the United States on two occasions, as well as his testimony that he returned to China following his first trip to the United States, despite that he allegedly feared persecution based on his violation of the family planning policy. *See Kone v. Holder*, 596 F.3d 141, 150-51 (2d Cir. 2010); *Wensheng Yan*, 509 F.3d at 67. These findings provide support for the agency's credibility determination, and the agency was not required to credit Li's explanations for the inconsistencies. *See Majidi v. Gonzales*, 430 F.3d 77, 81 (2d Cir. 2005).

II. Burden Finding

Even assuming Li's credibility and that Li engaged in "other resistance" to Chinese family planning policy, the agency reasonably found that Li failed to establish past persecution or a well-founded fear of future harm. We have held that "minor bruising from an altercation with family planning officials, which required no formal medical attention and had no lasting physical effect" did not amount to persecution. *See Jian Qiu Liu v. Holder*, 632 F.3d 820, 822 (2d Cir. 2011). Although a minor injury may rise to the level of persecution when inflicted in the context of detention, *see Beskovic v. Gonzales*, 467 F.3d 223, 226 (2d Cir. 2006), the BIA's conclusion that Li's mistreatment did

4

not rise to the level of persecution is reasonable as the lightbulb burns he suffered required no formal medical attention, and occurred during a brief period of detention at his place of employment. Moreover, because Li did not produce any evidence that his wife underwent an abortion procedure, and, significantly, neither his wife's, mother's, nor colleague's affidavits state that she underwent an abortion, and because the agency reasonably rejected Li's argument that his affidavits can be read in the context of his overall testimony to refer to his wife's abortion, *see Majidi*, 430 F.3d at 81, the agency did not err in concluding that Li had failed to carry his burden of demonstrating past persecution, *see Diallo v. INS*, 232 F.3d 279, 285 (2d Cir. 2000).

As the agency's finding that Li did not establish past persecution obviates any presumption of a well-founded fear of persecution, *see* 8 C.F.R. § 1208.13(b)(1), and as Li has failed to allege any additional basis for his fear of future persecution, the agency did not err in denying his asylum claim, *see Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005). Because the agency did not err in concluding that Li failed to establish past persecution or a well-founded fear of persecution if returned to China, it did not

err in similarly denying his application for withholding of removal and CAT relief insofar as these claims shared the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006) (withholding of removal); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005) (CAT).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk